UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Joseph Friedman, individually and on behalf of all others similarly situated,<br><br>Plaintiff(s)<br><br>-v.-<br><br>Faloni Law Group, LLC; First Portfolio Ventures I, LLC<br><br>Defendant(s). | Civil Action No: 7:22-cv-10127<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Joseph Friedman ("Plaintiff") brings this Class Action Complaint by and through his attorneys, Stein Saks, PLLC, against Defendants Faloni Law Group, LLC ("Faloni") and First Portfolio Ventures I, LLC ("FPV") (collectively, "Defendants"), individually and on behalf of a class of all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. The Fair Debt Collection Practices Act ("FDCPA" or "Act") was enacted in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). The Act was promulgated because of the concern that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* It concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *Id.* § 1692(b), the Act gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court has pendent jurisdiction over state law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims occurred here, Plaintiff resides here, and Defendants transact business here.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of consumers under Section 1692 *et seq.* of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, County of Rockland.

8. Defendant Faloni is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with a registered address for process service located at 425 Eagle Rock Avenue, Suite 404, Roseland, New Jersey 07068.

9. Upon information and belief, Defendant Faloni is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due to itself or another.

10. Defendant FPV is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with a registered address for process service located at 3091 Governors Lake Drive, Suite 500, Peachtree Corners, Georgia 30071.

11. Upon information and belief, Defendant FPV is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due to itself or another.

12. Defendants were acting as debt collectors with respect to the collection of the Plaintiff's alleged debt.

## Class Allegations

13. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

14. The Class consists of:

   a. all individuals with addresses in the State of New York;
   b. to whom Faloni sent a letter attempting to collect a consumer debt on behalf of FPV;
   c. which letter purports to validate the debt and sets forth a default date precluding enforceability of the debt pursuant to the applicable statute of limitations;
   d. but fails to disclose the inability to sue; and
   e. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

15. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

16. Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

17. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the form attached as Exhibit A, violates 15 U.S.C. §§ 1692e and 1692g *et seq*.

18. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests which might cause them not to vigorously pursue this action.

19. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the form **attached as Exhibit A**, violates 15 U.S.C. §§ 1692e and/or 1692g *et seq*.

c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

20. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

21. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## **FACTUAL ALLEGATIONS**

22. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein with the same force and effect as if the same were set forth at length herein.

23. Some time prior to September 15, 2022 Plaintiff allegedly incurred an obligation to non-party original creditor Barclays Bank Delaware ("Barclays").

24. The Barclays obligation arose out of a transaction in which money, property, insurance, or services, of which the subject transactions, were incurred for personal, family, or household purposes, specifically for personal credit.

25. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

26. The alleged Barclays obligation is consumer related and therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

27. Barclays is a "creditor" as defined by 15 U.S.C. § 1692a(4).

28. Upon information and belief, through one or more transactions following the alleged default on the subject debt, FPV acquired the right to collect the debt.

29. Thereafter, FPV contracted with Defendant Faloni to collect the alleged debt. Therefore, Defendants are both debt collectors as defined by 15 U.S.C. § 1692a(6).

30. Defendants collect and attempt to collect debts incurred or alleged to have been incurred for personal, family, or household purposes on behalf of creditors using the United States Postal Services, telephone, and internet.

*Violations – September 2022 Collection Letter and Lawsuit*

31. On or about September 15, 2022, Defendant Faloni sent Plaintiff a collection letter on behalf of Defendant FPV. (*See "Letter"* attached hereto as **Exhibit A**).

32. The Letter sets forth that the purpose of the communication is to collect a debt.

33. The Letter purports to validate the debt.

34. However, the Letter states that the date of last payment was March 21, 2019.

35. Thus, the applicable statute of limitation on this alleged debt had expired at the time that the Letter was issued.

36. Accordingly, the Letter should have advised the Plaintiff that he could not be sued and that the debt was unenforceable.

37. To state or imply otherwise, affirmatively or by omission, was false, misleading and deceptive.

38. Despite the omitted language in the Letter, the current creditor could not sue on the debt at the time that the Letter was issued.

39. Therefore, Defendants included incorrect or misleading legal advice/status in the Letter.

40. Moreover, and notwithstanding the applicable time-bar, the Defendants filed a lawsuit to collect upon the subject debt on or about September 1, 2022 ("Lawsuit") (Letter and Lawsuit collectively, "Collection"). *See* Supreme Court of the State of New York, Rockland County, Index Number 33801/2022.

41. Defendants' improper actions led the Plaintiff to believe that the Collection was fraudulent, or at least suspect, in whole or in part.

42. Plaintiff was confused as to whether the Collection was by a legitimate debt collector or a fraudulent wrongdoer hoping to induce erroneous payment.

43. The unexplained contradictions caused the Plaintiff to fear that the Collection was a scam.

44. Because of the Defendants' improper Collection, Plaintiff was unable to properly respond to the Collection.

45. Because of the lack of any information foreclosing this possibility, Plaintiff does not know if the Defendants are authorized to collect the debt.

46. The Collection materially misled the Plaintiff because when faced with two equal-amount debts, one of which is unenforceable versus one of which is enforceable, Plaintiff would pay the enforceable debt first.

47. Plaintiff was therefore unable to properly evaluate whether the debt is enforceable.

48. Plaintiff was therefore unable to make payment on the debt.

49. The funds the Plaintiff would have used to pay some or all of this alleged debt were therefore prioritized elsewhere.

50. Because of the Defendants' improper Collection, Plaintiff was prevented from taking certain actions he would have, or could have, otherwise taken had the Defendants' Collection not contained false, deceptive, misleading, and/or unfair content.

51. Moreover, because of this, Plaintiff expended time and money in determining the proper course of action.

52. In reliance on the Collection, Plaintiff expended time and money in an effort to mitigate the risk of future financial harm in the form of dominion and control over his funds.

53. Plaintiff's reliance on the Collection, and the resulting inaction/non-payment, caused negative credit furnishment to accrue, and ultimately be reported to third parties, to the Plaintiff's financial and reputational detriment.

54. Plaintiff suffered additional reputational harm because of the time-barred Lawsuit, alone.

55. Additionally, Defendants' improper acts, and the Plaintiff's reliance thereon, also caused the Plaintiff emotional harm in the form of shock and anxiety.

56. Plaintiff's emotional harm manifested itself physically in the form of increased heartrate.

57. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

58. As it relates to this case, Congress identified concrete and particularized harms with close common-law analogues to the traditional torts of fraud, negligent misrepresentation, negligent infliction of emotional distress, defamation and conversion.

59. Plaintiff is entitled to receive proper notice of the character, amount and legal status of the debt, as required by the FDCPA.

60. Defendants failed to effectively inform the Plaintiff of this information, and in fact attempted to conceal it, in violation of the law.

61. Defendants' Collection efforts with respect to this alleged debt from the Plaintiff caused the Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA

provides the Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

62. Defendants' deceptive, misleading, and unfair representations with respect to its Collection efforts were material misrepresentations that affected and frustrated the Plaintiff's ability to intelligently respond to the Defendants' Collection efforts because the Plaintiff could not adequately respond to the Defendants' demand for payment of this debt.

63. Plaintiff was misled to his detriment by the statements in the Collection, and relied on the content of the Collection to his detriment.

64. Plaintiff would have pursued a different course of action were it not for the Defendants' violations.

65. As a result of Defendants' deceptive, misleading, unfair, unconscionable, and false debt Collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692e *et seq.*

66. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

67. Defendants' debt Collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

68. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

69. Defendants violated §1692e:

    a. As the Collection falsely represents the true character, amount and/or legal status of the debt in violation of §1692e(2)(A); and

  b. By making a false and misleading representation/omissions in violation of §1692e(10).

70. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendants' conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

**COUNT II**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692g** *et seq.*

71. Plaintiff repeats the allegations contained in the above paragraphs as if set forth herein.

72. Defendants' debt Collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

73. Pursuant to 15 USC §1692g(a):

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –
>
> 1. The amount of the debt;
>
> 2. The name of the creditor to whom the debt is owed;
>
> 3. A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector;
>
> 4. A statement that the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> 5. A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the

> consumer with the name and address of the original creditor, if different from the current creditor.

74. Pursuant to 15 USC §1692g(b):

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

75. Defendants violated this section by continuing to collect the debt from the Plaintiff without providing proper validation, including the accurate legal status and character of the debt, following the Plaintiff's dispute and/or request for validation.

76. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

77. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff Joseph Friedman, individually and on behalf of all others similarly situated, demands judgment from Defendants as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class Representative, and Robert Yusko, Esq., as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated:  November 29, 2022

**Stein Saks, PLLC**

*s/ Robert Yusko*
Robert Yusko, Esq.
1 University Plaza, Suite 620
Hackensack, NJ, 07666
Ph: 201-282-6500
ryusko@steinsakslegal.com

*Attorneys for Plaintiff*